**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 2:24-cv-03997** |
| **v.** | : | **Chief Judge Sarah D. Morrison** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| | : | |
| **COUNTRY CLUB RETIREMENT CENTER V, LLC, *et al.*,** | : | |
| | : | |
| **Defendants.** | | |

**OPINION & ORDER**

This matter is before the Court on the "Combined Response to EEOC's Objections to Defendants' Rule 45 Subpoenas and Motion to Strike the Same" (ECF No. 39) filed by Defendants Country Club Retirement Center V, LLC, Holland Management, Inc., and Holland Management HZ, LLC, and the Motion to Quash Subpoenas (ECF No. 42) filed by Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC"). Both motions concern the parties' dispute over Rule 45 subpoenas Defendants issued to seven non-parties. The Court held a telephonic discovery hearing on August 11, 2026, to discuss the parties' pending motions. All parties appeared and were represented by counsel. This Opinion & Order memorializes the conference and resolves the pending motions.

For the following reasons, Defendants' Motion to Strike (ECF No. 39) is **DENIED as moot** and the EEOC's Motion to Quash (ECF No. 42) is **DENIED in part** and **GRANTED in part**.

## I. BACKGROUND

The EEOC filed this enforcement action on behalf of Charging Party Jenny Bailey and a proposed class of employees against Defendants for alleged violations of the Americans with Disabilities Act and the Genetic Information Nondiscrimination Act. On June 25, 2026, Defendants filed a notice of intent to issue Rule 45 subpoenas to the following seven non-party entities for whom Ms. Bailey had worked prior to or after her employment with Defendants:

- Maplebear, Inc. d/b/a Instacart
- Ohio Living
- Doordash, Inc.
- Specialized Education of Ohio
- Select Rehabilitation, LLC
- Cornerstone Innovations, Inc.[1]
- Delaware Court Healthcare Center

(ECF No. 37.)

Before working for Defendants, Ms. Bailey was a State-Tested Nursing Assistant at Delaware Court Healthcare Center; afterward, she worked as a delivery driver for DoorDash and Instacart in a 1099 capacity, and as a certified occupational therapy assistant for Ohio Living, Specialized Education of Ohio, and Select Rehabilitation, LLC. (ECF No. 42, PAGEID #: 192.) The subpoenas sought "[a]ny and all documents and correspondence relating to" Ms. Bailey, "including but not limited to, personnel records, employee file, length of employment, salary rate/bonuses, workers compensation, attendance, sick leave, overtime, lost earning, performance evaluations and disciplinary records." (*See* ECF Nos. 37, 37-1 through 37-7.) On June 26, 2026, Defendants sent the subpoenas for service via certified mail. (ECF No. 38-1, PAGEID #: 168;

[1] The EEOC represents that Cornerstone Innovations, Inc. is "an affiliate of Defendants responsible for issuing W-2 forms" and "is not aware of another connection between Cornerstone and Charging Party." (ECF No. 42, PAGEID #: 191.) On the conference call with the Court, Defendants' counsel further confirmed that Cornerstone Innovations, Inc. did not employ Ms. Bailey.

ECF No. 42-2, PAGEID #: 214.) That same day, the EEOC filed its "Notice of Objections" to Defendants' subpoenas. (ECF No. 38-1.)

## II. STANDARD OF REVIEW

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(iv). "Undue burden is to be assessed in a case-specific manner considering such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *In re: Mod. Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (cleaned up). Although Rule 45 does not list relevance or overbreadth as reasons to quash a subpoena, courts "have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (citation omitted). "Courts must balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of that person as a non-party is a factor." *Id.* (cleaned up).

## III. ANALYSIS

### A. Motion to Strike (ECF No. 39)

Defendants moved to strike EEOC's "Notice of Objections" to Defendants' subpoenas, arguing that the EEOC lacks standing to object to the subpoenas because the subpoenas were not directed at the EEOC. (ECF No. 39.) In their Reply in support of their Motion to Strike, Defendants concede that the EEOC "*could have* challenged [Defendants'] *subpoenas duces tecum*

via a timely-filed motion to quash." (ECF No. 45, PAGEID #: 290.) The EEOC did come to move to quash the subpoenas, and the Defendants' Motion to Strike is therefore **DENIED as moot**.

### B. Motion to Quash[2] (ECF No. 42)

The EEOC moves to quash Defendants' subpoenas, arguing that the subpoenas were improperly served and noticed, are overbroad, and seek records that are irrelevant and disproportionate to Ms. Bailey's claims. (ECF No. 42.) Defendants oppose, arguing that, the EEOC's procedural objections lack merit; that the subpoenas seek relevant employment records because Ms. Bailey's attendance was central to the asserted basis for her termination; and that the motion is moot as to entities that already produced documents. (ECF No. 47.)

At the discovery conference, Defendants agreed to withdraw the subpoenas issued to Maplebear, Inc. d/b/a Instacart, Doordash, Inc., and Select Rehabilitation, LLC. Accordingly, the EEOC's Motion to Quash is **DENIED as moot** with respect to those three subpoenas.

The remaining four subpoenas fall into two categories: (1) responded-to subpoenas; and (2) an outstanding subpoena. The Court will address each category in turn.

#### 1. Responded-to Subpoenas

Defendants argue that the EEOC's motion to quash is moot as to subpoenas that have received responses.

"[A] motion to quash a subpoena that has already been honored is moot." *Comer v. Roosen Varchetti & Olivier, PLLC*, No. CV 17-13218, 2018 WL 11473294, at *1 (E.D. Mich. Sept. 5, 2018). This is so even where the Court would have otherwise granted the motion to quash. *See*

[2] Although the EEOC's Motion to Quash seeks to quash subpoenas issued to non-parties, the Court finds that the EEOC has standing to seek to quash the subpoenas at issue since they seek Ms. Bailey's employment records. '"Courts have repeatedly found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena."' *United States Equal Emp. Opportunity Comm'n v. Aspire Reg'l Partners, Inc.*, No. 2:22-CV-3071, 2025 WL 2263135, at *2 (S.D. Ohio Aug. 7, 2025) (citing *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 n.1 (S.D. Ohio 2011)).

*Gentile v. Kohl's Dep't Stores*, 2:16-MC-54, 2016 WL 6080285, at *4 (S.D. Ohio Oct. 18, 2016) (finding a motion to quash moot after the nonparty complied with the subpoena, even though the movant had established the motion's merits); *Binder v. Brentlinger Enters.*, No. 2:20-CV-5123, 2021 WL 3630516, at *3 (S.D. Ohio Aug. 17, 2021) (same).

At the discovery conference, the parties confirmed that Delaware Court Healthcare Center, Specialized Education of Ohio, and Cornerstone Innovations, Inc., have responded to the subpoenas. Thus, the EEOC's Motion to Quash is moot as to the subpoenas issued to Delaware Court Healthcare Center, Specialized Education of Ohio, and Cornerstone Innovations, Inc.

The EEOC opposes this result, arguing that Defendants provided inadequate notice before issuing the subpoenas and that the Court should reach the merits of the motion to quash the responded-to subpoenas to avoid incentivizing such conduct. The EEOC, however, cites no authority holding that a motion to quash remains live after the subpoenaed party has responded. Rather, as the EEOC acknowledges, with respect to the responded-to subpoenas, "the genie cannot now be put back in the proverbial bottle." (ECF No. 42, PAGEID #: 219.) That said, the Court is expresses no opinion on the admissibility of the documents produced in response to those subpoenas.

Accordingly, the EEOC's Motion to Quash is **DENIED as moot** with respect to the subpoenas issued to Delaware Court Healthcare Center, Specialized Education of Ohio, and Cornerstone Innovations, Inc.

### 2. Outstanding Subpoena

At the discovery conference, the parties confirmed that the sole outstanding subpoena is the subpoena to Ohio Living, Ms. Bailey's former employer. The EEOC raises both procedural and substantive challenges to the subpoena.

#### a) Procedural Challenges

The EEOC argues that Defendants failed to comply with Rule 45 by serving the subpoenas by certified mail rather than personal service and by providing inadequate advance notice before service.

Rule 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person" but does not specify the permissible method of delivery. The technically correct method of service under Fed. R. Civ. P. 45(b)(1) remains unresolved by the Sixth Circuit; courts in this district have contemplated service under the rule, but have arrived at varying conclusions. *Compare Powell v. Time Warner Cable, Inc.*, No. 2:09-cv-600, 2010 WL 5464895, *3 (S.D. Ohio Dec. 30, 2010) (collecting district court cases and concluding that service by certified mail "is effective so long as it reasonably insures actual receipt") *with McClendon v. TelOhio Credit Union, Inc.*, No. 2:05-cv-1160, 2006 WL 2380601, *2 (S.D. Ohio Aug. 14, 2006) ("Rule 45(b)(1) requires personal service of subpoenas and does not permit service by certified mail.").

That said, "Rule 45 does not expressly address proper methods of serving a subpoena on . . . non-natural persons." *Damsi v. Tarpstop, LLC*, No. 3:21-CV-0953, 2023 WL 9186657, at *12 (N.D. Ohio Oct. 19, 2023). To that end, "courts have found that Rule 4(h) can be used to effectuate service of a subpoena upon a corporation." *Colors + v. Colors+ Counseling, LLC*, No. 1:25-CV-00078-PAB, 2025 WL 3753995, at *3 (N.D. Ohio Dec. 29, 2025) (citing *Damsi*, 2023 WL 9186657, at *12 (analyzing whether service of a subpoena upon a corporation complied with Rule

4(h)); *Newbrook Shipping Corp. v. Glob. Mktg. Sys. (In re Application of Newbrook Shipping Corp.*), 31 F.4th 889, 897 (4th Cir. 2022) (same)). Rule 4(h) permits service of the summons and complaint upon a corporation by certified mail. *See* Fed. R. Civ. P. 4(h)(1)(a) (permitting service in a manner prescribed by Rule 4(e)(1) for serving an individual); Fed. R. Civ. P. 4(e)(1) (permitting service by methods authorized by state law); Ohio R. Civ. P. 4.1(A)(1)(a) (permitting service by certified mail).

The EEOC does not contend that service by certified mail was unlikely to provide Ohio Living with actual notice; instead, it relies on certain district-court decisions holding that Rule 45 requires personal service. In light of the split in authority and that the subpoena was directed to a corporation, the Court declines to find the subpoena defective for lack of personal service.

The EEOC also argues that Defendants did not provide the EEOC with sufficient notice before serving the subpoenas.

Rule 45(a)(4) provides that a "notice must be served on each party" before a subpoena that "commands the production of documents" is served. "The purpose of that provision is to provide an opposing party a chance to object to the subpoena." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 252 (S.D. Ohio 2011). "Ordinarily, if the subpoenas are promptly served on opposing counsel the same day they are issued or served on the nonparties, and if the subpoenas also permit a reasonable time for response (presumptively 14 days), there will be no problem because the fourteen days will also give opposing parties ample opportunity to register their objections or otherwise participate in the process." *McClendon*, 2006 WL 2380601, at *2.

Here, on June 25, 2026, Defendants filed a notice of their intent to serve the seven subpoenas upon the non-party entities. (ECF No. 37.) The subpoenas had a response date of July 17, 2026. (ECF Nos. 37-1 through 37-7.) On June 26, 2026, Defendants sent the subpoenas for

service via certified mail. (ECF No. 38-1, PAGEID #: 168; ECF No. 42-2, PAGEID #: 214.) That same day, the EEOC filed its "Notice of Objections" to Defendants' subpoenas. (ECF No. 38-1.)

Thus, the EEOC had an opportunity to object to the subpoenas and did so. The Court finds the EEOC's argument as to notice not well taken.

**b) Substantive Challenges**

The EEOC also contends that the Ohio Living subpoena is overbroad, irrelevant, and disproportionate.

As to relevance, the EEOC argues that the Ohio Living records are irrelevant because Ms. Bailey worked there as a certified occupational therapy assistant, rather than as an STNA—the position she held with Defendants. (ECF No. 42, PAGEID #: 201.) Defendants respond that Bailey's attendance, accommodation, and disciplinary records at Ohio Living are relevant because Defendants terminated her for attendance violations, making her ability to meet attendance obligations at other employers pertinent regardless of differences in job title. Defendants also argue that the records are relevant to Ms. Bailey's credibility and that the records may bear on mitigation and backpay, including whether willful misconduct ended her subsequent employment.

In this case, Defendants present as an affirmative defense that plaintiff failed to mitigate her damages. (ECF No. 7, PAGEID #: 40.) Specifically, Defendants contend that employment records pertaining to Ms. Bailey's reasons for leaving her subsequent employers, including Ohio Living, are relevant because "backpay liability may be tolled where a claimant's loss of employment is willful." (ECF No. 47, PAGEID #: 330.)

True enough, "[a]n employer's liability for backpay may be tolled where the plaintiff's loss of subsequent employment is deemed 'willful.'" *Santiago v. Meyer Tool, Inc.*, No. 1:19-CV-32, 2020 WL 11161893, at *2 (S.D. Ohio Jan. 10, 2020) (*Thurman v. Yellow Freight Sys., Inc.*, 90

F.3d 1160, 1168 (6th Cir. 1996)). "Because a defendant may seek to toll its liability for backpay where an employee's termination from a subsequent employer was 'willful,'" the information Defendants seek on the reasons for Plaintiff ending her employment with Ohio Living is relevant and discoverable. *Id.* To the extent documents or records reflecting the reasons for Ms. Bailey's departure from Ohio Living also reference her performance reviews and/or disciplinary action, these documents are discoverable. *See id.*

Moreover, at the discovery conference, Defendants argued that Ms. Bailey's employment records bear on her credibility. Defendants represented that, at her deposition, Ms. Bailey testified that she has never been counseled on attendance issues. Defendants therefore contend that Ohio Living's records may permit them to assess Ms. Bailey's credibility and may contradict her deposition testimony, particularly in light of records produced in response to the other subpoenas.

Based on Defendants' arguments on the papers and representations at the discovery conference, the Court is persuaded that Ms. Bailey's employment records are relevant to the issue of mitigation and credibility, and are therefore discoverable.[3]

The EEOC resists this conclusion, arguing that Ms. Bailey's records from Ohio Living are not relevant because they relate to a different position from the STNA position she held with Defendants. The EEOC relies on *United States Equal Emp. Opportunity Comm'n v. Aspire Reg'l Partners, Inc.*, where this Court found that a charging party's prior experience building/managing stores was not relevant to "Defendants' proffered reason for his termination—performance—or his qualifications as a maintenance director at a skilled nursing facility." No. 2:22-CV-3071, 2025 WL 2263135, at *1 (S.D. Ohio Aug. 7, 2025). *Aspire* is distinguishable because Defendants in

---

[3] In permitting this discovery, the Undersigned does not rule on the distinct issue of whether any discovered information will be admissible. *See, e.g.*, Fed. R. Evid. 404 (barring character evidence). Such evidentiary issues are left to the sound discretion of the presiding judge.

this case did not terminate Ms. Bailey based on general job performance or qualifications; rather, they assert that they terminated her for attendance violations. Thus, whereas the charging party's performance in a different position at another employer had little apparent bearing on the termination decision in *Aspire*, Defendants contend that Ms. Bailey's attendance history at other employers may bear on the attendance-related justification they have advanced here. Further, unlike *Aspire*, Defendants also contend that the Ohio Living records bear on Ms. Bailey's credibility and backpay mitigation, as discussed above.

The EEOC also argues that Ms. Bailey's Ohio Living employment records are not admissible for the purpose of demonstrating that she had a "habit" of performance issues under Federal Rule of Evidence 404(a) and therefore are not discoverable. But admissibility is not the test for whether the Ohio Living records are discoverable. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.") The EEOC remains free to raise arguments regarding the admissibility of the Ohio Living records at the appropriate juncture.

Finally, to the extent that the Ohio Living subpoena seeks "[a]ny and all documents and correspondence" relating to Ms. Bailey, the Court agrees with the EEOC that the request is overbroad. *See Valentine v. Remke Markets Inc.*, No. 1:10-CV-922, 2012 WL 893880, at *4 (S.D. Ohio Mar. 15, 2012). The Court will modify the scope of the subpoena and limit it to the production of only those records from Ohio Living relating to Ms. Bailey's attendance, discipline, and the end of her employment.

Accordingly, EEOC's Motion to Quash (ECF No. 42) is **GRANTED in part** as to the Ohio Living subpoena, to the extent that the subpoena seeks anything beyond records relating to Ms. Bailey's attendance, discipline, and the end of her employment.

## IV. CONCLUSION

For the above-stated reasons, Defendants' Motion to Strike (ECF No. 39) is **DENIED as moot**. The EEOC's Motion to Quash (ECF No. 42) is **DENIED in part as moot** with respect to the subpoenas issued to Maplebear, Inc. d/b/a Instacart, Doordash, Inc., Select Rehabilitation, LLC, Delaware Court Healthcare Center, Specialized Education of Ohio, and Cornerstone Innovations, Inc. The Motion to Quash is **GRANTED in part** as to the Ohio Living subpoena to the extent that it seeks records beyond those relating to Ms. Bailey's attendance, discipline, and the end of her employment. The Ohio Living subpoena is **MODIFIED** such that it is limited to the production of only those records from Ohio Living relating to Ms. Bailey's attendance, discipline, and the end of her employment.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**