**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

**Plaintiff,** :

**v.**

**Case No. 2:24-cv-03997**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge S. Courter M. Shimeall**

**COUNTRY CLUB RETIREMENT CENTER V, LLC, *et al.*,** :

**Defendants.**

## ORDER

This matter is before the Court on an objection to the Magistrate Judge's June 17, 2026 Order (ECF No. 36) lodged by Defendants Country Club Retirement Center V, LLC, Holland Management, Inc., and Holland Management HZ, LLC. (ECF No. 40.) Defendants argue the Magistrate Judge erred in ordering them to produce 300 emails from former employee Dianna Ortman. (*Id.*, PAGEID # 178.)

When a party objects to a magistrate judge's ruling on a non-dispositive motion, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Likewise, 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The "clearly erroneous" standard applies to factual findings and the "contrary to law" standard applies to legal conclusions. *Gandee v.*

*Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.) (citations omitted). A factual finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A legal conclusion is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (Holschuh, J.) (citations omitted).

The Court has reviewed the record and all relevant briefing and finds that Defendants have merely repackaged their original argument and labeled it as an objection. The Magistrate Judge determined that the 300 emails generated in response to Defendants' own search terms must be produced. (*See* ECF No. 36, PAGEID # 140.) Based on the record, the Court does not find the Magistrate Judge's decision was clearly erroneous. And Defendants have not argued that the Magistrate Judge misapplied Fed. R. Civ. P. 26(b)(1). So, the Court does not find the Magistrate Judge's decision was contrary to law.

Accordingly, the Court **OVERRULES** Defendants' objection and **ADOPTS** the June 17, 2026 Order (ECF No. 36).

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**